Argued May 10, affirmed September 8, 1965

# HOLUB *v.* STATE INDUSTRIAL ACCIDENT COMMISSION

405 P. 2d 356

*Harold W. Adams,* Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Robert Y. Thornton, Attorney General, and Ray H. Lafky, Assistant Attorney General, Salem.

*Ben Anderson,* Portland, argued the cause and filed a brief for the respondent.

Before McAllister, Chief Justice, and Perry, O'Connel, Denecke and Lusk, Justices.

PERRY, J.

The plaintiff Marvin Holub filed a claim for accidental injury with the State Industrial Accident Commission. The claim was allowed August 2, 1963. Thereafter, and on November 18, 1963, the commission reopened and rejected the claim on the basis that the evidence was insufficient to sustain a claim of injury. The plaintiff appealed the rejection of the claim and commenced this action in the circuit court.

At the close of the introduction of evidence, the defendant moved for a directed verdict, as did plaintiff. The trial court thereupon discharged the jury and entered the following finding of fact, upon which a judgment for the plaintiff was entered:

> "That on said day plaintiff suffered an accidental injury by violent and external means in the course of and within the scope of his employment in that he fell from a step in such a manner as to cause his genital organs and groin to come into violent contact with a steel table, causing plaintiff to suffer injuries to his genital organs and to his groin and aggravated a pre-existing condition of one of his testis."

From the judgment entered the commission appeals, contending that there is no evidence to support the finding of the trial court.

The plaintiff testified that on June 25, 1963, while working on a platform he slipped and fell approximately three and one-half or four feet; that he fell in such a manner that he struck his groin upon the corner of a steel table and suffered severe pain from injury to his testicles. On June 27, 1963, he was examined and treated by Dr. N. D. Smith, and referred to Dr. Robert Moore, who operated upon the plaintiff for a huge, tense left hydrocele.

The evidence is uncontradicted that the plaintiff had, prior to his claimed fall, a left hydrocele, and the trial court's finding is based upon an aggravation of this pre-existing condition.

It is the contention of the commission that, since Dr. Moore the operating physician, testified that at the time he operated upon the plaintiff he could find no evidence of any trauma to the scrotum or fleshy bag which surrounds the testicles, or no blood in the hydrocele fluid, it was his opinion that no traumatic injury to the pre-existing condition had occurred as described by the plaintiff, therefore, there was no evidence to support the plaintiff's claim of recent injury to a pre-existing condition.

The defendant commission then draws the conclusion that since the doctor found no evidence of recent trauma there existed no causal relationship between the claimed accident and the hydrocele.

The difficulty with the defendant's argument is that plaintiff and fellow workmen testified to the traumatic injury and plaintiff testified to the subsequent enlargement of the scrotum; the doctor testified a traumatic injury would aggravate the pre-existing condition. There was thus left to the trier of fact the question of whether or not the trauma had in fact aggravated the condition, whether or not the doctor found demonstrative evidence of the trauma.

In our opinion, the trier of fact could find that the doctor was mistaken as to the substantive conditions he found at the time of operation, especially since the doctor was testifying from memory.

The judgment of the trial court is affirmed.